IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| KEVIN ARMANDO GOMEZ HERNANDEZ, | § § § |
| Petitioner, | § § |
| v. | §   CAUSE NO. EP-26-CV-67-KC |
| ICE FIELD OFFICE DIRECTOR, EL PASO, TEXAS et al., | § § § § |
| Respondents. | § § |

**ORDER**

On this day, the Court considered the case. Jenny Hallee filed a Petition for Writ of Habeas Corpus, ECF No. 1, on behalf of her close family friend, Kevin Armando Gomez Hernandez.

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. But "[c]ourts do not automatically grant 'next friend' status under § 2242 to anyone that seeks to pursue an action on behalf of a petitioner." *Romanov ex rel. Romanova v. Frink*, No. 25-cv-3133, 2025 WL 2162290, at *2 (S.D. Tex. July 30, 2025) (citing *Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990)). To proceed as "next friend" the individual must establish: (1) "an adequate explanation such as inaccessibility, mental incompetence, or other disability of why the real party in interest cannot appear on his own behalf" and (2) that the "next friend" is "truly dedicated to the best interests of the person" and has "some significant relationship with the real party in interest." *Page v. Hogans*, No. 15-cv-597, 2017 WL 11810133, at *1–2 (S.D. Miss. Sept. 5, 2017).

Here, it is not apparent that Jenny Hallee meets either requirement. First, Hallee does not explain why Gomez Hernandez cannot file a petition for a writ of habeas corpus on his own behalf. She states that Gomez Hernandez "has limited access to the courts, legal resources, and outside assistance, making it necessary for a Next of Friend to act on his behalf." Pet. ¶ 9. But it is unclear whether or how this limited access actually prevents Gomez Hernandez from filing a petition on his own behalf. The Court receives many pro se petitions filed by detainees at the same facility where Gomez Hernandez is held in custody, so his detention status, in and of itself, does not suffice to justify the need to proceed through a next friend. As for the second requirement, Hallee states that she is "a close friend of the Petitioner's family and has a significant personal relationship with Petitioner." But it does not necessarily follow that she is "truly dedicated to the best interests" of Gomez Hernandez. *See Page*, 2017 WL 11810133, at *1–2.

The Court thus exercises its discretion to order a supplemental filing to determine whether Hallee may proceed as "next friend" on behalf of Gomez Hernandez. *See Lonchar v. Thomas*, 517 U.S. 314, 325 (1996) (quoting Habeas Rule 4 and citing Habeas Rule 7) (recognizing that district courts have "ample" discretion to "take such other action as the judge deems appropriate" and to "order expansion of the record").

Separately, the allegations in the Petition are lacking. The Petition states that Gomez Hernandez has a pending asylum application and was first detained by ICE at some point earlier this month. *See* Pet. ¶¶ 12, 13. But it fails to include the date on which Gomez Hernandez first entered the United States. Nor does it state whether he has ever previously been detained and released by immigration authorities. *See generally id.*

Further, the Petition was filed without submission of the $5.00 filing fee. Failure to properly pay the filing fee is not a jurisdictional defect and does not prevent the Court from exercising its discretion to order supplemental filings. *See Wrenn v. Am. Cast Iron Pipe Co.*, 575 F.2d 544, 547 (5th Cir. 1978).

Accordingly, the Court **ORDERS** that, **by no later than February 9, 2026**, either:

(1) Hallee must **FILE** written notice detailing (1) why she is dedicated to the best interest of Gomez Hernandez, (2) why he cannot proceed with this petition for a writ of habeas corpus on his own behalf, (3) the date on which he first entered the United States, and (4) whether he has ever previously been detained and released by immigration authorities; or

(2) Gomez Hernandez must **FILE** written notice expressing his intent to proceed with this petition on his own behalf, and explain (1) the date on which he first entered the United States, and (2) whether he has ever previously been detained and released by immigration authorities.

**IT IS FURTHER ORDERED** that either Hallee or Gomez Hernandez shall pay the required $5.00 filing fee **by no later than February 9, 2026**. The Court **CAUTIONS** them that failure to timely pay the filing fee or file a proper motion to proceed without paying it may result in dismissal of the case.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send this Order to both Hallee and Gomez Hernandez via certified mail at the following addresses:

Jenny Hallee
1121 S Brannon Stand Rd C46
Dothan, AL 36305

Kevin Armando Gomez Hernandez
A-240050503
Camp East Montana Detention Facility
6920 Digital Road
El Paso, TX 79936

**SO ORDERED**.

**SIGNED this 20th day of January, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE