IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| KEVIN ARMANDO GOMEZ HERNANDEZ, | § § § | |
| Petitioner, | § § | |
| v. | § § | CAUSE NO. EP-26-CV-67-KC |
| ICE FIELD OFFICE DIRECTOR, EL PASO, TEXAS et al., | § § § § | |
| Respondents. | § § | |

### **ORDER**

On this day, the Court considered Kevin Armando Gomez Hernandez's Petition for a Writ of Habeas Corpus, ECF No. 1, filed by his next friend Jenny Hallee. Gomez Hernandez is held in immigration detention at the ERO El Paso Camp East Montana facility in El Paso, Texas. *Id.* ¶ 6. Hallee argues that Gomez Hernandez's detention is unlawful and asks the Court to order his release or a bond hearing. *Id.* ¶¶ 25–32; *id.* at 4.

Gomez Hernandez has been in the country since 2022 and was apprehended and detained by immigration authorities for the first time in January 2026. Hallee Resp. 1, ECF No. 8; Pet. ¶ 13. In its Show Cause Order, ECF No. 9, the Court noted that, "[a]s alleged, [Gomez Hernandez's] case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025)." Show Cause Order 2. The Court thus asked Respondents to engage with its prior decisions and "explain whether the facts of Gomez Hernandez's case warrant a different outcome." *Id.*

Respondents argue that the Fifth Circuit's intervening decision in *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026) "is binding precent and requires that the Court deny this habeas petition." Resp. 5, ECF No. 13. And that, "[d]espite *Buenrostro-Mendez*, some petitioners have pivoted to a new theory—*procedural* due process—to [seek an] order [for] the Government to provide bond hearings or to release individuals who are indisputably detained under § 1225(b)(2)(A)." *Id.* at 6 (emphasis in original). But, Respondents argue, "[t]his fallback theory is foreclosed by *Buenrostro-Mendez*." *Id.*

As an initial matter, Hallee initiated this case on January 16, 2026, *see* Pet., prior to the Fifth Circuit's decision in *Buenrostro-Mendez*. And she has always challenged Gomez Hernandez's detention on constitutional grounds, not statutory grounds. *Id.* ¶¶ 25–32. Thus, the procedural due process claim here is not a new "pivot," as Respondents claim. *See* Resp. 6. Indeed, a majority of the many immigration habeas petitioners that have come before this Court since August 2025 have, in addition to their statutory claims, raised procedural due process claims. *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 676 (W.D. Tex. 2025). And this Court, in its many immigration habeas decisions, has granted relief on procedural due process grounds, not statutory grounds. *See, e.g.*, *id.* at 985–87*; Martinez*, 2025 WL 2965859, at *3–5; *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10–13 (W.D. Tex. Oct. 2, 2025).

Turning to the merits of Respondents' argument, to the extent Hallee challenges Gomez Hernandez's detention on statutory grounds, the *Buenrostro-Mendez* panel opinion held that the statute does not entitle people in Gomez Hernandez's position to a bond hearing when they are detained pending removal proceedings. *See Buenrostro-Mendez*, 2026 WL 323330, at *1.

Therefore, Respondents are correct that *Buenrostro-Mendez* requires denial of the Petition in part as to any such statutory claim.

However, as this Court has previously stated, the *Buenrostro-Mendez* court did not reach the due process question, confining its analysis and holding to statutory interpretation. *Bonilla Conforme v. De Anda-Ybarra*, No. 3:26-cv-263-KC, 2026 WL 381110, at *1 (W.D. Tex. Feb. 11, 2026) (citing *Buenrostro-Mendez*, 2026 WL 323330, at *1–10). Thus, "*Buenrostro-Mendez* has no bearing on this Court's determination of whether [a habeas petitioner] is being detained in violation of her constitutional right to procedural due process." *Id.* at *2 (citation omitted). Other "[f]ederal district courts in Texas have also made this finding subsequent to the Fifth Circuit issuing its opinion in *Buenrostro-Mendez*." *Ochoa v. Vergara*, No. 1:26-cv-266-RP, 2026 WL 482211, at *3 (W.D. Tex. Feb. 20, 2026) (collecting cases).

Respondents now argue that post *Buenrostro-Mendez*, Gomez Hernandez's procedural due process claim is foreclosed by the Supreme Court decision *Connecticut Department of Public Safety v. Doe*, 538 U.S. 1 (2003). Resp. 16. However, *Doe* arose in an entirely different context—a challenge to a sex offender registration statute—and did not address an immigration detainee's challenge to their detention without a bond hearing. *See Doe*, 538 U.S. at 4. Thus, the Court does not find *Doe* applicable.

Respondents also argue that Gomez Hernandez's due process claims must be denied under *Demore v. Kim*, 38 U.S. 510 (2003). Resp. 21–23. *Demore* does not preclude Gomez Hernandez's procedural due process claim here, for two reasons. First, *Demore* addressed a challenge to mandatory detention under 8 U.S.C. § 1226(c), which only applies to a specific class of aliens convicted of serious crimes. *See id.* at 517–18. The Government does not purport to detain Gomez Hernandez under § 1226(c), but instead § 1225(b). *See* Resp. 5. Second, and

3

more importantly, *Demore* was a deeply fractured plurality opinion, in which only one Justice joined the opinion in full. Critically, a majority of the Court concluded that at least some individualized preliminary proceeding was required by the Due Process Clause in order to detain an alien pending removal proceedings, even in the context of aliens who had been convicted of serious crimes. *See id.* at 531–32 (Kennedy, J., concurring); *id.* at 551–52 (Souter, J., concurring in part and dissenting in part); *id.* at 578–79 (Breyer, J., concurring in part and dissenting in part). Thus, Gomez Hernandez's due process claim challenging his detention without a bond hearing is not foreclosed by *Demore*.

As for Respondents' other arguments, the Court has already rejected them or else need not reach them. *Compare* Resp. 5–28, *with, e.g.*, *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez*, 2025 WL 2965859, at *1–5; *Santiago*, 2025 WL 2792588, at *1–14; *Lopez-Arevelo*, 801 F. Supp. 3d at 674-88. Because Gomez Hernandez's procedural due process claim is not foreclosed by *Buenrostro-Mendez* or any of the decisions cited by Respondents, and there are no material differences between Gomez Hernandez's case and this Court's prior decisions, it follows that the same result is warranted here. *See generally* Resp. As to Gomez Hernandez's requested relief—immediate release or a bond hearing—this Court has previously held that *Buenrostro-Mendez* does not change the Court's analysis of the appropriate remedy either. *See, e.g.*, *Bonilla Conforme*, 2026 WL 381110, at *3.

Thus, after careful consideration of the entire record,[1] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, and this Court's many other

---

[1] The relevant facts are undisputed, *see* Resp. 7, and the Court grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

4

decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Gomez Hernandez's Petition is **GRANTED IN PART** on procedural due process grounds.

The Court **ORDERS** that, <u>**on or before March 2, 2026**</u>, Respondents shall either: (1) provide Gomez Hernandez with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Gomez Hernandez's continued detention; or (2) release Gomez Hernandez from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, <u>**on or before March 2, 2026**</u>, Respondents shall **FILE** notice informing the Court whether Gomez Hernandez has been released from custody. If Gomez Hernandez has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph. Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

**IT IS FURTHER ORDERED** that if Gomez Hernandez is released from custody, Respondents shall **RETURN** all of his personal property in their custody to him upon release. Such property includes, but is not limited to, identification documents.

<u>**There will be no extensions of the March 2, 2026, deadlines**</u>.

<u>**Respondents are CAUTIONED that a proceeding in which bond is denied by the IJ for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with this Order, and therefore requires release from custody**</u>.

**SO ORDERED**.

**SIGNED this 23rd day of February, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE